IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:22-cr-139

JONATHAN EARL HAMRICK

MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to Standing Order entered October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive

application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG § 1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on February 16, 2024, this case was designated for Standard consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, addendum to the PSR from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed response, the United States objects to the reduction ordered herein. [ECF No. 50]. The United States argues that Mr. Hamrick is not eligible for a sentence reduction. I disagree.

Based on the foregoing considerations, the Motion is **GRANTED**. The Court **ORDERS** that Defendant's previous sentence be reduced to a period of 75 months, with credit for time served to date, effective March 1, 2024. This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the judgment entered December 5, 2022, shall remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: March 1, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE